**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JULIAN ROBERT CONN, #175848**                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 3:14-cv-775-HTW-LRA**

**CHRISTOPHER TABB**                                              **DEFENDANT**

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Conn, an inmate of the Mississippi Department of Corrections, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.  Conn was granted permission to proceed *in forma pauperis* in this case.  *See* Order [5].  The named Defendant is Christopher Tabb, a private attorney from Brandon, Mississippi.  After initial review of the Complaint [1], an Order [6] was entered directing Conn to provide specific information, including the directive that he "state how Defendant Tabb violated [his] constitutional rights."  Order [6] at 1.  Upon liberal review of the Complaint [1] and Response [7], the Court has reached the following conclusions.

**I.     Background**

Conn states that he is serving a 20-year term of imprisonment for multiple convictions with the most serious being conspiracy to commit a crime.[1]  He explains that, "Defendant Tabb initially was retained to represent me in my multi-million dollar chancery case dealing with my family trust account, then he became both my civil and my criminal attorney."  Resp. [7] at 1. Conn complains that Tabb made false and prejudicial statements "in Judge's chambers", that he violated the attorney-client privilege, and his "conflict of interest" caused "unethical behavior."

---

[1]In his Response [7], Conn verifies that the convictions and sentences responsible for his current incarceration have not been invalidated by any of the means set forth in *Heck v. Humphrey*.

*Id.*  As relief, Conn seeks monetary damages.

**II.    Analysis**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B).  Since the Court has permitted Plaintiff Conn to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Court in *West* concluded that, in order to act under color of state law, the defendant in a § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be made possible only because the wrongdoer is clothed with authority of state law.  *Id.* at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Conn gives no indication that Defendant Tabb "exercised power possessed by virtue of state law and made possible only because [he] is clothed with authority of state law." *Id.*  Conn's pleadings indicate that Defendant Tabb is a private attorney that Conn retained to represent him in a Rankin County Chancery Court proceeding and a criminal proceeding in Rankin County Circuit Court.  As the Fifth Circuit has explained, "[a]n attorney does not act under color of state law when he 'perform[s] a lawyer's traditional functions' as defense counsel in a criminal proceeding." *Hernandez-Hernandez v. Fagerberg*, 392 F. App'x 271, 272 (5th Cir. 2010)

2

(quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)).  Furthermore, the "acts of private parties," such as Tabb, "even if wrongful, do not fall under the ambit of the Constitution."  *Bui Phu Xuan v. Forth Worth Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008)(citing *United States v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001)).  The Court finds that Defendant Tabb did not act under color of state law when he committed the acts alleged in this case.  Therefore, Conn has failed to state a cognizable claim for relief under 42 U.S.C. § 1983.  *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003)(finding district court properly determined inmate's claim against non-governmental private defendant failed to state a claim under § 1983).

In addition, any possible state-law claims Conn may be asserting will be dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction").

## III.  Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) because Conn has failed to state a claim on which relief may be granted.  This dismissal will count as a "strike" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  Any state law claims asserted in this civil action are dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 26th day of November, 2014.

s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT JUDGE